UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK A. DAY,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT BUREAU COLLECTION SERVICES, INC. d/b/a CBCS,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:18-cv-01334<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes MARK A. DAY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT BUREAU COLLECTION SERVICES, INC. d/b/a CBCS ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in San Antonio, Texas, which is located within the Western District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a collection agency that claims to provide "provide methods for [consumers] to pay [their] account[s] quickly and securely online, by phone or through the mail."[1] Defendant is a corporation organized under the laws of the state of Ohio with its principal place of business located at 250 East Broad Street, Columbus, Ohio. Defendant regularly collects upon consumers in the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In March of 2018, Plaintiff was involved in a serious automobile accident that caused him to be hospitalized for multiple days.

10. As a result of Plaintiff's hospitalization, Plaintiff has accrued over $20,000.00 in hospital bills ("subject debt").

11. Shortly thereafter, Plaintiff retained counsel to handle issues relating to the subject debt.

---

[1] https://www.cbcsnational.com/index.php

12. Several weeks after Plaintiff hospitalization, Plaintiff began receiving phone calls to his cellular phone, (210) XXX-4881, from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4881. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has primarily used the phone number (210) 245-8661 when placing calls to Plaintiff's cellular phone. Upon belief, Defendant has used additional phone numbers as well.

15. Upon information and belief, the above-referenced phone number ending in -8661 is regularly utilized by Defendant during its debt collection activities.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

17. Plaintiff explained his inability to address the subject debt and informed Defendant that he had retained counsel.

18. After explaining his inability to address the subject debt, Plaintiff asked that Defendant contact his attorney instead.

19. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone.

20. When Defendant refused to contact Plaintiff's attorney instead of him, Plaintiff demanded that it stop calling his cellular phone.

21. Plaintiff has received around 10 phone calls from Defendant since asking it to stop calling.

22. Frustrated over Defendant's continued conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1960.[2]

29. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

---

[2] http://www.acainternational.org/search#memberdirectory

4

31. Defendant violated c(a)(2) when it placed around 10 calls to Plaintiff's cellular phone after it knew that Plaintiff was represented by an attorney.

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of his demands was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    b. **Violations of FDCPA §1692e**

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to ceaselessly contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed at least 10 phone calls to Plaintiff's

cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

38. Defendant also violated §1692e and e(10) by contacting Plaintiff using an area code that was identical to Plaintiff's.  This was a deceptive act done by Defendant in an attempt to trick Plaintiff into answering its phone call.

   c.  **Violations of FDCPA §1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 10 times after being notified to stop.  Attempting to coerce Plaintiff into payment by placing harassing phone calls without Plaintiff's permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

41. As pled in paragraphs 21 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARK A. DAY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

  c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

44. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

45. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.302**

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

47. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 10 times without his consent. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

48. Upon being told to stop calling and to contact his attorney instead, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant

consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.304

49. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

50. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue to contact him despite his demands that Defendant cease contacting him.

51. WHEREFORE, Plaintiff, MARK A. DAY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 26, 2018                                   Respectfully submitted,

s/ Nathan C. Volheim                                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                    *Counsel for Plaintiff*
Admitted in the Western District of Texas                  Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.

| | |
|---|---|
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |